UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH BRYANS, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:11-CV-01263 (JCH) |
| v. | : | |
| EVAN COSSETTE, ET AL. | : | FEBRUARY 23, 2012 |
| Defendants. | : | |

**RULING RE: MOTION TO DISMISS [Doc. No. 32]**

**I.   INTRODUCTION**

Plaintiff Joseph Bryans ("Bryans") brought suit againstMidState Medical Center for medical malpractice and false imprisonment, after seeking medical treatment for a cut on his hand at MidState Medical Center. Bryans also brought suit against police officers,[1] Jeffry Cossette, and the City of Meriden arising out of the same hospital visit. The defendants police officers, Jeffry Cossette, and the City of Meriden are not parties to this Motion to Dismiss.

Bryans filed his Complaint on August 11, 2011 and included with the Complaint the opinion letter of Judie Threatt. On October 7, 2011,Midstate Medical Center filed a Motion to Dismiss, arguing that Bryans failed to satisfy the requirements of section 52-190a of the Connecticut General Statutes, resulting in insufficient process, insufficient service of process, and a lack of personal jurisdiction. Bryans filed an Amended Complaint on October 8, 2011. For the reasons that follow, the court grants MidState Medical Center's Motion to Dismiss.

---

[1] The police officers involved in this suit include Evan Cossette, Timothy Topulos, Leonard Caponigro, and Glen Milslagle.

**II.     STANDARD OF REVIEW**

"On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving jurisdiction over the defendant." In re Magnetic Audiotape Antitrust Litigation, 334 F.3d 204, 206 (2d Cir.2003) (citing Met Life Ins. Co. v. Robertson–Ceco Corp., 84 F.3d 560, 566 (2d Cir.1996)).  "Where a court relies on pleadings and affidavits, rather than conducting a 'full-blown evidentiary hearing,' the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001).  "A plaintiff can make this showing through his own affidavits and supporting materials containing an averment of facts that, if credited . . . , would suffice to establish jurisdiction over the defendants." Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir.2008) (internal citations and quotation marks omitted).  All allegations are construed "in the light most favorable to plaintiff and doubts are resolved in the plaintiff's favor." Id.(citing A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76, 79, 80 (2d Cir.1993)).

Under the Federal Rule of Civil Procedure, a party may file a motion to dismiss due to insufficient process, as well as insufficient service of process.  .R.Civ.P. 12(b)(4); 12(b)(5).  The burden of showing that service of process was not defective clearly rests with the plaintiff. "A motion to dismiss pursuant to . . . 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure . . . . Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." Cole v. Aetna Life &Cas., 70 F.Supp.2d 106, 109-10 (D.Conn.1999).

### III.     BACKGROUND

Bryans checked himself into MidState Medical Center on January 23, 2011, for a cut on his hand.  . (Doc. No. 35) at ¶ 8.  A full risk assessment was performed and Bryans was noted to be fully oriented and aware of his own ability.  Compl.¶ 10.  However, there was a note in his file by the nursing staff indicating that there was an odor of alcohol on Bryans' breath.  Compl.¶ 12.  The nursing notes further indicate that at 2:28 a.m., Bryans was seen exiting through the ambulance door and was detained by security and the police department.  Compl.¶ 14.  Bryans was handcuffed by defendant police officer, Evan Cossette, who escorted Bryans back into MidState Medical Center, where he was handcuffed to the hospital bed.  Compl.¶¶ 30, 32.  Bryans asked Cossette to loosen the handcuffs, but his request was denied by Cossette.  Compl.¶ 33.  Bryans was evaluated and treated by the Emergency Department physician at 3:00 a.m.  Compl.¶ 15.  The physician's report indicates that Bryans had been out drinking, slipped, and cut his hand.  Compl.¶ 15.

The Complaint alleges that the nursing staff and the Emergency Department physician failed to document signs or symptoms of alcohol intoxication.  Compl.¶ 17.The only documentation assessment parameters for Bryans' intoxication were having alcohol on his breath.  Compl.¶ 18.  The lack of proper assessments led to a misdiagnosis that Bryans was a safety risk, amounting to the alleged medical malpractice and false imprisonment in Count Three and Count Four of the Complaint.Compl. ¶¶ 21, 53, 55.

Pursuant to section 52-190a of the Connecticut General Statutes, Bryans attached an opinion letter written by Judie Threattto his Complaint.  Doc. No. 35.

Threatt, a registered nurse, wrote a summary of care, her opinion on merit, and the ways in which the physicians and the nursing staff of MidState Medical Center failed to meet the standards of care when assessing Bryans. Doc. No. 35.  It is undisputed that Threatt's nursing license had expired at the time she wrote her opinion letter.

## IV.     DISCUSSION

Bryans filed a medical malpractice and false imprisonment suit against MidState Medical Center.  As a result of filing a negligence claim against a health care provider, Bryans is required to comply with the regulations set forth in section 52-190a.  Conn. Gen. Stat. 52-190a. MidState Medical Center brought this Motion to Dismiss, arguing that Bryans failed to meet those statutory requirements.  Memorandum of Law in Support of MidState Medical Center's Motion to Dismiss (hereinafter "Mem. in Supp.") at 4.  More specifically, MidState Medical Center argues that Threatt does not qualify as a similar health care provider with respect to the emergency department physician because she is not a medical doctor.  Mem. in Supp. at 4.  MidState Medical Center also argues that Threatt does not qualify as a similar health care provider with respect to the nursing staff because her nursing license lapsed more than a month before she wrote the opinion letter.  Mem. in Supp. at 4, 5.

### A.   Count Three

Count Three of the Complaint alleges that MidState Medical Center was negligent and careless in its treatment of Bryans.  Compl. ¶ 53. MidState Medical Center allegedly failed to exercise the degree of skill, care and diligence exercised by physicians and nurses because they did not meet the standards of care in assessing Bryans.  Compl. ¶ 53. MidState Medical Center argues that Bryans did not comply with

section 52-190a because he did not submit an opinion letter from a qualified similar health care provider. Mem.in Supp. at 4, 5.

Section 52-190a requires the plaintiff in any medical malpractice suit to conduct "a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the [plaintiff]" and to file a certificate "that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant." Dias v. Grady, 292 Conn. 350, 357 (Conn. 2009).The plaintiff must do so by attaching to the initial pleading a "written and signed opinion of a similar health care provider . . . that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion." Conn. Gen. Stat. § 52-190a(a).

Subsection (c) of the statute states that, "[t]he failure to obtain and file the written opinion" of a similar health care provider "shall be grounds for the dismissal of the action." Conn. Gen.Stat. § 52-190a(c).The Connecticut Supreme Court has held that "[u]nless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction. . . . The jurisdiction that is found lacking, however, is jurisdiction over the person, not the subject matter." Morgan v. Hartford Hosp., 301 Conn. 388, 400 (2011) (citing Lostritto v. Cmty. Action Agency of New Haven, Inc., 269 Conn. 10, 31 (2004)).

Section 52-190a requires an opinion letter from a "similar health care provider" as defined in section 52-184c of the Connecticut General Statutes. Conn. Gen.Stat. § 52-190a(c).Section 52-184c defines a similar health care provider in two different respects, depending on the qualifications of the defendant health care provider. Section 52-

5

184c(b) applies when the defendant health care provider is not board certified, nor a specialist. Bennett v.New Milford Hosp., Inc., 300 Conn. 1, 23 (2011). For those purposes, a similar health care provider is defined as one who:

> (1) Is licensed by the appropriate regulatory agency of this state or another state requiring the same or greater qualifications; and (2) is trained and experienced in the same discipline or school of practice and such training and experience shall be as a result of the active involvement in the practice or teaching of medicine within the five-year period before the incident giving rise to the claim.

Conn. Gen. Stat. § 52-184c(b). Section 52-184c(c), on the other hand, applies when the defendant is board certified and a specialist. Bennett, 300 Conn. at 23. For those purposes, a similar health care provider is one who:

> (1) Is trained and experienced in the same specialty; and (2) is certified by the appropriate American board in the same specialty; provided if the defendant health care provider is providing treatment or diagnosis for a condition which is not within his specialty, a specialist trained in the treatment or diagnosis for that condition shall be considered a 'similar health care provider.'

Conn. Gen. Stat. § 52-184c(c).

"Given the legislature's specific articulations of who is a similar health care provider under [section] 52–184c (b) and (c), [the courts] have hewn very closely to that language and [have] declined to modify or expand it in any way." Bennett, 300 Conn. at 15-16 (2011) (citing DiLieto v. County Obstetrics & Gynecology Group, P.C., 265 Conn. 79, 92–93 (2003)).

The Connecticut Supreme Court in  that the registered nurse who authored the opinion letter in a medical malpractice suit was not a similar health care provider with respect to either of thetwo hospital defendants. Plante v. Charlotte Hungerford Hosp., 300 Conn. 33, 42 (2011). She did not qualify as a similar health care provider with respect to the board certified physician because she did not meet the requirements set

forth in section 52-184c(c).  Id. at 43.  She also did not qualify as a similar health care provider with respect to the social worker because according to section 52-184c(b) she was not trained in the same discipline.  Id.

In Bennett, the plaintiff brought action against an emergency department physician and submitted an opinion letter accompanying the complaint, written by a board certified general surgeon who had extensive experience and training in emergency medicine.  Bennett, 300 Conn. at 8-9.  His experience included evaluating, treating, and providing clinical care to injured patients in the emergency department of a level one trauma center.  Id. at 7-9.  The Connecticut Supreme Court affirmed the lower court's decision, holding that the opinion letter was not authored by a similar health care provider "[b]ecause the plaintiff's expert is not certified in emergency medicine, [and thus] he does not fall within the statutory definition of a similar health care provider as set forth in [section] 52–184c(c)."  Id. at 9. It is clear that the plain and literal meaning of section 52-184c is strictly enforced when a court is determining whether a person may qualify as a similar health care provider.

       1.  The Emergency Department Physician

Bryans' Complaint alleges medical malpractice of a physician specializing in emergency medicine.  Compl.¶ 15. As a result, Threat must qualify as a similar health care provider pursuant to the definition in section 52-184c(c).  Conn. Gen. Stat. § 52-184c(c).  The opinion letter Bryans submitted by Threatt, a registered nurse, does not qualify as a similar health care provider with respect to the emergency department physician.  As demonstrated in Plante, a registered nurse is not a similar health care provider to a board certified physician. Plante, 300 Conn. at 43.  Threatt is not trained or

7

experienced in the same specialty, nor is she certified by an appropriate board in that specialty. Thus, she does not satisfy either prong under section 52-184c(c).

### 2. The Nursing Staff

Bryans' Complaint also alleges that the nursing staff failed to meet the standards of care in assessing Bryans. Compl. ¶ 20. Section 52-184c(b) governs a health care provider who is not a specialist. Conn. Gen. Stat. § 52-184c(b). Threatt may qualify as a similar health care provider with respect to the nursing staff. The first prong of the statute, however, states that the similar health care provider is one who is licensed by the appropriate regulatory agency of this state or another state requiring the same or greater qualifications. Conn. Gen. Stat. § 52-184c(b). It is undisputed that Threatt's nursing license was expired at the time she wrote her opinion letter. Consequently, Threatt does not qualify as a similar health care provider with respect to the nursing staff because she is not certified by the appropriate regulatory agency.

The failure to attach a proper written opinion letter by a similar health care provider requires dismissal of the action. Bennett, 300 Conn. at 301 Conn. at 402. Furthermore, because the purpose of section 52-190a is to "require the opinion prior to commencement of an action, allowing a plaintiff to obtain such opinion after the action has been brought would vitiate the statute's purpose by subjecting a defendant to a claim without the proper substantiation that the statute requires." Votre v. County Obstetrics & Gynecology Group, P.C., 113 Conn. App. 569, 585 (2009). Accordingly, MidState Medical Center's Motion to Dismiss regarding Count Three of the Complaint is granted.

### B. Count Four

8

Count Four, brought against MidState Medical Center for false imprisonment, alleges that MidState Medical Center had no medical clinical justification for using restraints against Bryans. Compl. ¶ 55. MidState Medical Center seems to argue that section 52-190a also applies to false imprisonment, and again argues that Threatt does not qualify as a similar health care provider.

The standard for determining whether Bryans' false imprisonment claim falls under the medical malpractice statute is to review the circumstances in which it occurred. Votre, 113 Conn. App. at 576. Professional negligence or malpractice is defined as:

> the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services . . . . Furthermore, malpractice presupposes some improper conduct in the treatment or operative skill [or] . . . the failure to exercise requisite medical skill . . . .

Id. (citing Boone v. William W. Backus Hospital, 272 Conn. 551, 562-63 (2005)). The relevant considerations in determining whether a claim sounds in medical malpractice are whether

> (1) the defendants are sued in their capacities as medical professionals, (2) the alleged negligence is of a specialized medical nature that arises out of the medical professional-patient relationship, and (3) the alleged negligence is substantially related to medical diagnosis or treatment and involved the exercise of medical judgment.

Id. In Votre, the plaintiff's complaint alleged intentional infliction of emotional distress, breach of contract, and misrepresentation against the defendant medical group and its physicians. Votre, 113 Conn. App. at 574. In the plaintiff's complaint, however, she implied deviation from professional medical standards by alleging that the defendants disregarded the plaintiff's requests concerning her treatment "for no valid medical

9

reasons . . . ." Id.The court held that the complaint sounded in medical malpractice, rather than ordinary tort, id.at 575, because the alleged acts were related to their medical diagnosis and treatment and thus involved the exercise of their medical judgment, id.at 578.

Bryans alleges in Count Four of his Complaint that MidState Medical Center used restraints against Bryans "without medical clinical justification." Compl.¶ 55.Like Votre, Bryans' factual allegations implicate deviation from medical standards, and therefore subject the false imprisonment claim to section 52-190a. Id. at 574.As stated above, the requirements of section 52-190a include submitting a written and signed opinion of a similar health care provider that there is evidence of medical negligence and that also include a detailed basis for the formation of that opinion.Conn. Gen.Stat. 52-190a.

For the reasons set forth above, Threatt is not a similar health care provider with respect to the emergency department physician because she lacks training and experience in the same specialty required by section 52-184c(c). Seesupra Part V.A.1. Although Threattmay qualify as a similar health care provider pursuant to section 52-184c(b) with respect to the nursing staff, her opinion letter was deficient  because her nursing license expired at the time she wrote the opinion.Seesupra Part V.A.2.

MidState Medical Center's Motion to Dismiss with respect to Count Four of the Complaint is granted.  The suit is dismissed without prejudice. SeeMorgan, 301 Conn. at 398.

Bryans' Motion to File a Sur-Reply Brief (Doc. No. 65) is granted.  Bryans indicated he wanted to amend his Complaint to drop the medical malpractice count

against MidState Medical Center. Bryans is given permission to file a Second Amended Complaint within fourteen days from this Order consistent with this opinion.

## V. CONCLUSION

For the foregoing reasons, the defendant's Motion to Dismiss [**Doc. No. 32**] is **GRANTED**.

    **SO ORDERED.**

Dated at Bridgeport, Connecticut this 23rd day of February, 2012.

                                             /s/ Janet C. Hall
                                             Janet C. Hall
                                             United States District Judge